**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SLM TRANS, INC., ) | |
| ) | |
|     Debtor, ) | |
| ) | |
| JEANINE C. HICKS and ) | |
| HAL D. HICKS, ) | |
| ) | |
|     Defendants/Appellants, ) | |
| ) | |
| vs. ) | Case No. 09-cv-0993-MJR |
| ) | |
| ROBERT T. BRUEGGE, Trustee ) | |
| of the Estate of SLM Trans, Inc., ) | |
| ) | |
|     Plaintiff/Appellee. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    **A.**    **Introduction and Procedural/Factual Overview**

On August 28, 2008, SLM Trans, Inc. ("SLM"), filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Illinois (Case No. 08-60477). The case was then converted to a Chapter 7 proceeding on October 7, 2008. On April 2, 2009, Plaintiff/Appellee, Robert T. Bruegge, Trustee of the SLM Estate ("the Trustee"), instituted this action in the Bankruptcy Court for the Southern District of Illinois (Adv. No. 09-06023). The Complaint sought avoidance and recovery of an allegedly fraudulent transfer from Hal Hicks to Jeanine Hicks. More specifically, the complaint alleges that a June 8, 2004, transfer of real property located in Wayne County, Illinois, from Hal Hicks to Jeanine Hicks was fraudulent pursuant to

Illinois's Uniform Fraudulent Transfer Act.

The sole issue before the Court today is raised in the Trustee's motion to strike portions of Appellants' principal and reply briefs and for finding waiver of issues on appeal, which is fully briefed and ready for disposition (Docs. 12, 14, 17). The Trustee contends that in the Appellants' briefs they include an argument concerning the requirements the Bankruptcy Court imposed as conditions for denying the Trustee's motion for entry of a default judgment. They claim that the Bankruptcy Court's conditions were unreasonable and too onerous. However, according to the Trustee, Appellants made no mention of and did not challenge in any respect the Bankruptcy Court's conditions for denial of the Trustee's request for entry of a default judgment and, consequently, did not properly preserve that issue for consideration on appeal and it is waived.

**B.     Analysis**

As the Seventh Circuit Court of Appeals has often observed - and as Appellant Hal Hicks is aware from previous litigation - arguments not raised in the lower court are waived on appeal. ***Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007) (citing *Belom v. National Futures Ass'n,* 284 F.3d 795, 799 (7th Cir. 2002);*Tully v. Barada,* 599 F.3d 591, 594 (7th Cir. 2010) (citing *Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.,* 547 F.3d 882, 889 n. 3 (7th Cir. 2008) ("Arguments not raised before the district court are waived on appeal."))**. Accordingly, Appellants are precluded from raising matters in this Court that they failed to raise in the Bankruptcy Court.

The minutes for the September 1, 2009, hearing before the Honorable Kenneth J. Meyers, United States Bankruptcy Judge, reflect the following oral order:

> The plaintiff's Motion for Default Judgment is denied, contingent on the defendants paying the Trustee and his counsel their fees for preparation and prosecution of the

> motion. The Trustee's counsel shall submit a bill of costs to the Court for approval. The defendants shall then pay these costs within ten (10) days of the entry of the Order approving the fees. In addition, the Court's denial of the Motion for Default Judgment is also contingent upon the defendants agreeing not to transfer any property without further Order of this Court or until the disposition of this case. Defendants' counsel shall advise the Court within five (5) days as to whether the defendants will agree to these conditions. If counsel does not advise the Court within the allotted time or if the defendants do not agree to these contingencies, default judgment shall be entered in favor of the plaintiff and against the defendants on the complaint nunc pro tunc to September 1, 2009. If, however, the defendants agree to the Court's conditions and the Motion for Default Judgment is denied, the Court shall conduct a trial on the complaint on December 2, 2009.... Adv. No. 09-06023, Doc. 55; *see also* Doc. 61, 9/1/09 hearing transcript 5:19-7:25.

Stated simply, the Court denied default judgment contingent on Appellants' paying the Trustee's fees and costs incurred in bringing the motion for default and on Appellants' agreeing not to transfer any property unless by further Court Order or after disposition of the case. Failure to accept these conditions would result in default judgment being entered; acceptance would result in denial of default judgment and trial.[1]

There followed a motion for an extension of time, which the Court denied as moot because Appellants had already filed an answer. Adv. No. 09-06023 (Doc. 56). Then, because Appellants did not inform the Court that they would accept the conditions for denying the default judgment, the Bankruptcy Court entered a judgment and default judgment against them. Adv. No. 09-06023 (Docs. 59, 60). The Judgment avoided a transfer of property from Hal Hicks to Jeanine Hicks and ordered that Jeanine Hicks transfer the property to Appellee within ten days of entry of the judgment. Adv. No. 09-06023 (Doc. 59 at p. 6). Appellants filed a Motion to Reconsider and Set Aside Entry of Default and Default Judgment. Adv. No. 09-06023 (Doc. 65). After oral argument,

---

[1] Only the second condition - that Appellants must agree not to transfer any property unless by further Court Order or after disposition of the case - is at issue in the current proceeding.

the Court denied the motion. Adv. No. 09-06023 (Doc. 83).

The Court has carefully reviewed Appellants' brief filed in this action and the Bankruptcy Court record, including the motion for reconsideration filed in the adversary action. In the Bankruptcy Court, Appellants made the following arguments for reconsideration of the default judgment: (1) that delay was caused by the disqualification of their attorney; (2) that equity abhors a forfeiture; and (3) that they met the requirements for overturning a default judgment - timeliness, a meritorious defense and a lack of unfair prejudice to the plaintiff. As to the latter argument, Appellants claimed that they had meritorious defenses in that the adversary proceeding was outside the statute of limitations and the transfer was part of a divorce proceedings (and, thus, not without consideration). Lastly, Appellants contended that default was inappropriate because they had defended the action.

In Appellants' brief filed in the matter *sub judice*, in general, they pursue these same arguments. However, they also argue that the Bankruptcy Court erred in conditioning vacation of the default judgment as to both Appellants on the extraordinary condition that Appellant Hal Hicks agree to an injunction prohibiting him from transferring any property. Appellants urge two key reasons why this condition was unusual and inappropriate. First, Jeanine Hicks's entitlement to relief depended on Hal Hicks's decision on whether to agree to the injunction. Appellants contend that conditioning the relief of one defendant on the conduct of another is fundamentally unfair. Second, the injunction would have barred Hal Hicks from transferring *any* property when Appellee's Complaint pertained only to a single parcel of real property. Appellants argue that the facts in this case are strikingly similar to the facts in *Thorpe v. Thorpe*, 364 F.2d 692 (D.C. Cir. 1966), where the Court of Appeals for the D. C. Circuit reversed a default judgment entered by the lower court

because it went beyond placing the parties in the position they were in before the default and the lower court had made no findings that showed that the condition represented a reasonable exercise of discretion. *Thorpe*, **364 F.2d at 694-95**.

This Court may not, however, consider these challenges because, as the above review of the record and analysis make clear, Appellants failed to raise the issues in the Bankruptcy Court and therefore waived them on appeal. Appellants' assertion that they "impliedly objected" to the condition is without merit. To avoid waiver, issues must not only be raised but also must be developed in the lower court. "Arguments not raised in district court are waived on appeal, *see Oates v. Discovery Zone,* 116 F.3d 1161, 1168 (7th Cir.1997), as are arguments raised in a conclusory or underdeveloped manner." ***Pond v. Michelin North America, Inc*., 183 F.3d 592, 597 (7th Cir. 1999) (citing *Kensington Rock Island Limited Partnership v. American Eagle Partners,* 921 F.2d 122, 124-25 (7th Cir. 1990))**. Appellants cannot by silence raise, much less develop, an argument.

Nor does the Court find this to be an "exceptional case," particularly since Appellants offer no justification or explanation for their failure to challenge the Bankruptcy Court's conditions at the time when they were originally proposed, during the time prior to the entry of default judgment, or in their motion for reconsideration and at the hearing thereon. They had a full and fair opportunity to present these challenges and failed to do so. The issues are waived.

### C.     Conclusion

For the foregoing reasons, the Court **FINDS** waiver of issues on appeal and **GRANTS** the Trustee's motion to strike those portions of Appellants' principal and reply briefs that relate to the requirements the Bankruptcy Court imposed as conditions for denying the Trustee's

motion for entry of a default judgment (Doc. 12).

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2010**

**s/Michael J. Reagan**  
**MICHAEL J. REAGAN**  
**United States District Judge**
